**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                    No. 12-CR-02657 RB

GARY RAYMOND AHIDLEY, JR.,

       Defendant.

**ORDER ON ADMISSIBILITY OF OTHER**
**BAD ACTS PURSUANT TO RULE 404(b)**

On January 14, 2012, the Government provided notice of its intent to introduce evidence of other, uncharged acts of violence involving the Defendant, Gary Raymond Ahidley, Jr., and the alleged victim, Lesley Evans. (Doc. 35). That same day, Defendant filed a response opposing the notice. (Doc. 36). Trial in this matter is set to begin on January 22, 2012. For the reasons discussed below, the Court will conditionally admit the evidence related to the four uncharged incidents of alleged violence.

**I.  Background**

Defendant is charged with one count of Assault Causing Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6) and 1153 based on an alleged incident that occurred on November 30, 2010. (Doc. 17). The Government contends on the evening of November 30, in Ms. Evans' home, Defendant punched Ms. Evans repeatedly in the head and body. (Doc. 1 at 3). Though Ms. Evans was able to get away, she returned and was met by Defendant immediately outside of the home, at which point Defendant grabbed her, pulled her up the stairs, and kicked her twice on the side of her body. (*Id.*) As a result, Ms. Evans suffered injuries including a fractured rib and head and scalp trauma. (*Id.*) According to Defendant, Ms. Evans has stated that

no assault occurred and she sustained the injuries that evening when she tried to pull Defendant back into the house and slipped on the stairs.

The Government seeks to introduce evidence of four other instances of alleged violence by Defendant against Ms. Evans. The first two incidents occurred on August 17 and 20, 2010. (Doc. 35 at 2). The Government asserts that Ms. Evans spoke to officers on August 20, 2010, reporting that Defendant punched her in the face on August 20 and beat her up on August 17. (*Id.*) The third incident took place on November 16, 2010. (*Id.*) On that date, the Government proffers, Ms. Evans told officers that Defendant approached her while she was in the kitchen, hit her head against the metal sink, threw her to the floor, and proceeded to punch and kick her repeatedly. (*Id.*) During the fourth incident, on January 4, 2011, Defendant allegedly beat up Ms. Evans, causing her face and area around her eyes to bruise. (*Id.* at 3). Ms. Evans informed defense counsel that Defendant did not injure her on any of these occasions. (Doc. 36 at 2).

Defendant objects to the admission of this other acts evidence. He asserts that, because the assault charge is based on a specific occurrence at a specific time and place, there is no need to offer proof as to any of the proper purposes enumerated in Rule 404(b). (Doc. 36 at 3). He contends that the notice of the Government's intent to use this evidence was untimely. (*Id.*) Finally, he argues that any probative value of the other acts evidence is outweighed by the danger that the evidence will paint Defendant as a habitual offender, that the jury could convict based on the other instances, that the jury may be confused or misled as to what the charged offense is, and that the trial will involve undue delay. (*Id.* at 5).

## II.    Law Governing Rule 404(b) Evidence

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character." Such evidence may be admissible if offered for some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). When Rule 404(b) evidence requires proof of some act, the court should admit the evidence if it determines that there is "evidence sufficient to support a finding" that the defendant committed the act. FED. R. EVID. 104(b); *Huddleston v. United States*, 485 U.S. 681 (1988).

In the Tenth Circuit, courts apply a four-part test set out in *Huddleston*, 485 U.S. at 691-92, to determine the admissibility of 404(b) evidence:

> (1) [the] evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quoting *United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002)). The trial court is afforded considerable discretion in determining the admissibility of 404(b) evidence. *See id.* (quotation omitted).

The approach taken in this circuit is an inclusive, rather than exclusive, one. *See United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009) (quoting *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001)). Accordingly, evidence of other crimes or acts should be admitted "except that which tends to prove *only* criminal disposition." *Tan*, 254 F.3d at 1208 (quotation omitted) (emphasis in original). The Tenth Circuit has held that "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (citing *United States v. Biswell*, 700 F.2d 1310, 1317 (10th Cir. 1983)). In demonstrating the relevance of other acts evidence, "[t]he government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence

may be inferred'" from the evidence. *Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)).

If the evidence of other acts is relevant and tends to prove a material fact other than character or criminal disposition, "it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *Tan*, 254 F.3d at 1208. The "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *Id.* at 1211 (citing *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999)) (internal quotations omitted).

## III.   Analysis

### 1.  Notice

The Government is required to give the Defendant reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause, of the general nature of any uncharged misconduct evidence it intends to introduce. FED. R. EVID. 404(b)(2). The purpose of this requirement is "to reduce surprise and promote early resolution on the issue of admissibility." FED. R. EVID. 404(b), advisory committee's notes (1991 Amendments). In this case, the Government provided notice eight days prior to trial. Defendant has objected to the sufficiency of this notice. (Doc. 36 at 3-5).

The Government certainly could have provided notice of its intent to use these four other, uncharged incidents further in advance of trial. The Court does not appreciate the Government's last minute efforts to prepare for trial, particularly given that one purpose of this rule is to allow the Court an opportunity to resolve evidentiary issues prior to the eve of trial. However, the Court is not persuaded that Defendant is taken by surprise and will be denied his Sixth

Amendment right to effective assistance of counsel.[1] (*See* Doc. 36 at 4). Defendant has not asserted that he was unaware of these other incidents, and the Court finds it unlikely that Defendant did not know that police responded to his residence due to reported domestic disputes. Though he may not have realized the Government's intent to introduce this evidence until recently, Defendant was in a position to know that reports of other incidents existed.

2. *Proper Purpose*

According to Defendant, Ms. Evans will testify that, during the incident for which Defendant is on trial, she was drunk and attempted to pull Defendant back by the hood of his sweatshirt as he walked away from her. (Doc. 36 at 2). As she continued to pull and Defendant continued to walk, she slipped on the stairs in front of the home and injured her ribs. (*Id.*) Thus, assuming Defendant will rely on accidental injury as his defense, a critical question in this case will be whether Ms. Evans' injuries were accidental or caused by Defendant. The Government intends to introduce the four other incidents of alleged and uncharged domestic violence to prove that Ms. Evans' injury on November 30, 2010 was not accidental.

Evidence of uncharged misconduct may be admissible when it is introduced for the proper purpose of showing lack of mistake or accident. FED. R. EVID. 404(b). The Tenth Circuit has consistently affirmed the use of similar other acts evidence for purposes other than to show action in conformity with prior bad acts. *See, e.g.*, *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) (affirming that prior incident where defendant threatened alleged victim with a knife was admissible because it showed defendant's intent to kidnap the victim at a later time, alleged victim's lack of consent, and long-standing personal animosity); *United States v. Joe*, 8 F.3d 1488, 1495-96 (10th Cir. 1993) (concluding that a prior sexual assault could be used to

---

[1] Defense counsel cites to a constitutional right to sufficient time to prepare for trial. (Doc. 36 at 4). However, the Constitution provides no such right.

show defendant's intent to commit future acts of violence against the same person); *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983) (finding evidence of prior assaults of victim in trial for second degree murder admissible as "relevant, clear, and convincing in rebutting the asserted defense of accident."). Indeed, as such evidence relates to the defense of accident, the Tenth Circuit has stated that "[e]vidence of the systematic abuse of a particular victim tends to negate the defense of accident because it shows that the defendant had strong feelings toward a particular individual that may have contributed to the formation of intent or motive." *United States v. Hogue*, 827 F.2d 660, 664 (10th Cir. 1987).

### 3. Relevance

Assuming that the Government can prove up these other instances of violence[2] and that Defendant relies on the defense of accident, the other instances of violence are certainly relevant. The evidence of the other acts pertains directly to the accidental injury defense. Moreover, the other incidents occurred close in time to the alleged assault; two incidents occurred within five weeks of the assault and the others occurred three and a half months prior.[3] Finally, all other incidents involve the same Defendant and alleged victim. The relevance of these other acts is clear.

### 4. Rule 403 Balancing

Because the Court finds that the Government intends to introduce the other acts for a proper purpose and that the other acts are relevant, the Court must conduct a balancing analysis pursuant to Rule 403. Rule 403 permits the court to exclude relevant evidence "if its probative

---

[2] On the morning of trial, the Court will ask the Government to proffer its evidence on the four uncharged incidents so the Court can determine that there is proof sufficient to support a finding that these incidents occurred as the Government alleges. *See* FED. R. EVID. 104(b).

[3] Defendant does not raise any argument regarding the fact that one of the other incidents occurred after the charged assault, and the Tenth Circuit has expressly held that "[e]vidence admitted under Rule 404(b) may relate to conduct occurring either *before or after* the charged offense." *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (emphasis in original).

value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the evidence of the other acts is clearly probative, as discussed above. The probative value of the incidents is slightly diminished by the Defendant's proffer that the alleged victim denies that the Defendant injured her on any of the dates in question. (Doc. 36 at 2). Nevertheless, the Court assumes that the Government will admit other evidence to prove that these other acts occurred, including testimony from the responding officers.

On the other side of the scale, there is a danger that the jury will consider the other incidents for the improper propensity purpose, though a limiting instruction is available to alleviate that concern. It is conceivable that the trial on the single count of assault will turn into a trial on five separate incidents of assault. This certainly has the potential to mislead and confuse the jury regarding the actual charge against the Defendant. However, the Court's limiting instruction should help with any confusion, and the Court has authority to limit the presentation of evidence on the uncharged incidents to the extent it becomes cumulative or would thwart a just determination by the jury. FED. R. EVID. 102 & 403.

Though the Court has concerns about the potential that the admission of the uncharged incidents will confuse and mislead the jury, the Court concludes that the probative value of the uncharged incidents as they relate to lack of accident is not substantially outweighed by that danger. Thus, the evidence is admissible under Rule 403.

5.  *Limiting Instruction*

Though Defendant has not yet requested that the Court issue a limiting instruction related to the other acts evidence, the Court will do so unless Defendant objects. Defendant may advise

the Court of whether he would like the instruction to be given contemporaneously with the introduction of other acts evidence, at the conclusion of trial, or at both times.

## IV.    Conclusion

The Court will allow evidence as to the other alleged incidents of violence between Defendant and the alleged victim provided that two conditions are satisfied. First, the Court must determine that there is proof sufficient to support a finding that the incidents occurred as alleged by the Government, in accordance with Rule 104(b). The Court will take up this issue on the morning of trial. Second, because the evidence of the uncharged acts is admitted for the sole purpose of showing lack of accident, the other acts evidence may only be raised to rebut a claim that Ms. Evans' injuries on November 30, 2010 were the result of an accident. The Government is advised that the Court will not allow the trial on the single count of assault to turn into a trial on five separate allegations of assault. Thus, the Government should plan its presentation of evidence accordingly.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE